UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION (AKRON)

| | |
|---|---|
| MICHAEL PATRINO, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:19-cv-664 |
| FRANCISCO I. BENITEZ, a/k/a ) | |
| "FRANK BENITEZ," a/k/a ) | |
| "FRANKIE BENITEZ"; ) | |
| ) | |
| DOUGLAS MICHAEL LITTLETON ) | |
| a/k/a "DOUGLAS DOUGLAS"; and ) | |
| ) | |
| GET PAID DAILY LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# COMPLAINT

Now comes MICHAEL PATRINO, ("Plaintiff"), complaining as to FRANCISCO I. BENITEZ a/k/a "FRANK BENITEZ" a/k/a "FRANKIE BENITEZ" ("Benitez"), DOUGLAS MICHAEL LITTLETON a/k/a "DOUGLAS DOUGLAS" ("Littleton"), and "GET PAID DAILY LLC" ("Get Paid Daily"), (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*

[ 1 ]

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and substantial portion of the events giving rise to the claims occurred within this District.

**PARTIES**

4. Plaintiff is a natural person residing in Summit County.

5. Benitez is a natural person residing at 1455 American Pacific Dr., Suite 110-292.

6. Littleton is a natural person residing at 900 Las Vegas Blvd S, Unit 1211, Las Vegas, NV 89101.

7. Get Paid Daily is a Nevada limited liability company whose registered agent is Benitez.

8. Get Paid Daily's principal place of business is 1771 E. Flamingo Rd., Suite 100a, Las Vegas, NV 89119.

## FACTS SUPPORTING CAUSES OF ACTION

9. Defendants are telemarketers who call individual consumers to sell vacation packages to Las Vegas.

10. Plaintiff is the owner and user of a cell phone, and Plaintiff's number has been registered on the national "Do Not Call" list since 2007.

11. Defendants Benitez and Littleton have, upon information, recruited approximately twenty individuals to place calls under their supervision and control.

12. Defendants Benitez and Littleton, working together, frequently change the name and registration of this enterprise, presumably to evade judgments and creditors.

13. Defendants Benitez and Littleton do not register their companies as telemarketers with the Ohio Secretary of State, and they do not post the telemarketing bonds required by Ohio law.

14. Defendant Benitez was the sole member of "Great Vacations.Vegas LLC."

15. On information and belief, Littleton owned a share of this company and participated actively in its management, including by supervising telemarketing calls.

16. Plaintiff filed suit in the Summit County Court of Common Pleas against Great Vacations.Vegas LLC on November 20, 2017, alleging violations of the TCPA and CSPA for three unwanted autodialed calls that he received on August 2, 2017; August 7, 2017; and August 9, 2017.

17. Great Vacations.Vegas LLC, acting under the control and direction of Benitez and, on information and belief, Littleton, hired a law firm to request extensions of time in that matter for the sole purpose of delay.

[ 3 ]

18. Great Vacations.Vegas LLC did not defend the state court case, and on information and belief, had no intention of doing so.

19. Rather than directing his attorneys to file an Answer, Benitez dissolved Great Vacations.Vegas LLC on February 28, 2018 at 11:55 P.M.

20. On information and belief, Benitez dissolved this entity for the sole purpose of evading judgment.

21. The law firm representing Great Vacations.Vegas LLC in the state court case eventually withdrew. It was never paid its fees.

22. On May 17, 2018, after an in-person damages hearing, the state court awarded default judgment in Plaintiff's favor in the amount of $13,100 plus costs.

23. The state court held that Great Vacations.Vegas LLC had violated the CSPA, entitling Plaintiff to reasonable attorney fees.

24. Plaintiff, after ten months of post-judgment discovery, has been unable to execute this judgment.

25. Plaintiff's inability to execute this judgment is due to the failure of Benitez and Littleton to properly post bonds for their telemarketing practices with the Ohio Secretary of State.

26. On information and belief, Benitez dissolved the accounts of Great Vacations.Vegas LLC and transferred the company's assets to himself, to Littleton, and to Get Paid Daily.

27. Further, since the filing of the state court suit, Plaintiff has received one more autodialed call (as evidenced by long pauses) from the enterprise owned and supervised by Benitez and Littleton, which is currently "Get Paid Daily LLC." The facts surrounding this call were not litigated in the state court case.

28. On information and belief, "Get Paid Daily LLC" is a successor corporation to "Great Vacations.Vegas LLC" or is (or was) its alter ego.

29. On information and belief, Benitez and Littleton directly authorized, encouraged, participated in, and incited each of the calling campaigns in which Plaintiff was called.

## COUNT I—AUTODIALER VIOLATION OF THE TCPA

30. Plaintiff realleges the paragraphs above as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A), prohibits calling persons on their cellular phones using an ATDS without their prior express consent.

32. The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity. . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33. Defendants placed four calls to Plaintiff using an ATDS.

34. At no time did Plaintiff give his prior express consent to Defendants permitting them to contact him via an ATDS.

35. Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

## **COUNT II — VIOLATIONS OF THE DO NOT CALL LIST**

36. Plaintiffs reallege the paragraphs above as though fully set forth herein.

37. The TCPA, at 47 U.S.C. 227(c)(5)(B), permits a person who "has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of certain regulations promulgated by the Federal Communications Commission ("FCC") to sue for statutory damages.

38. The amount of these damages is $500 per violation.

39. The FCC has, in the regulations described by the above code section, prohibited "initiat[ing] any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

40. The four calls that Defendants made to Plaintiff's cell phone number were in violation of 47 CFR 64.1200(c)(2).

41. Plaintiff's cell phone is, under applicable case law, a "residential" phone because Plaintiff uses his cell phone as his "home" phone number.

42. Further, the number is registered to the national "Do Not Call" registry.

43. Lastly, Plaintiff received more than two calls within a twelve-month period, giving him standing under 47 U.S.C. 227(c)(5)(B) to sue for statutory damages.

44. In total, Defendants committed at least four violations of the regulations.

45. Plaintiff is entitled to $500 per call under this count, trebled for knowing or willful violations.

## COUNT III – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

46. Plaintiff realleges the paragraphs above as though fully set forth herein.

47. Ohio law, in particular the Telephone Sales Solicitation Act, requires telemarketers to register with the Ohio Attorney General and to post a surety bond in the amount of $50,000. *See* R.C. § 4719.02(A); § 4719.08(B); § 4719.04(A).

48. Failure by a telemarketer to properly register constitutes an unfair or deceptive act or practice in violation of the Ohio CSPA, as determined by prior decisions and rules declaring this practice to be a violation. *See* R.C. § 4719.14; *see also Lucas v. Telemarketer Calling From (407) 476-5680 & Other Tel. Numbers*, No. 1:12-CV-00630, 2014 WL 7014949, at *1 (S.D. Ohio Dec. 9, 2014).

49. Defendants are subject to the CSPA because they are "suppliers" that supply goods and services (vacations) to individual consumers in "consumer transactions." R.C. § 1345.01 *et seq.*

50. Defendants failed to register "Great Vacations.Vegas LLC" as a telemarketing company within the State of Ohio, and they failed to post the required bonds.

51. On information and belief, Defendants' omission was a knowing violation of Ohio law.

52. If Defendant had registered itself as a telemarketer with the State of Ohio (and accordingly posted bond), Plaintiff would have been able to recover on his $13,100 judgment.

53. Defendants' knowing violation of the CSPA therefore caused Plaintiff $13,100 in damages, plus attorney fees for time spent attempting to collect on this judgment.

54. Plaintiff is entitled to recover three times his actual damages pursuant to 1345.09(B).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff treble statutory damages as provided under the TCPA;

c. Awarding Plaintiff statutory damages, actual damages, or treble actual damages as provided for under the CSPA;

d. Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing their CSPA claims;

e. Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

Dated: March 26, 2019

By: s/ Jonathan Hilton
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Ste. 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-557
jhilton@hiltonparker.com
www.hiltonparker.com

[ 8 ]